

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2002

# USA v. Hampton

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3662

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Hampton" (2002). *2002 Decisions.* Paper 416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No:  01-3662
_____


UNITED STATES OF AMERICA

v.

WADE HAMPTON,


Appellant



Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00261)
District Judge: Honorable John R. Padova


Submitted Under Third Circuit LAR 34.1(a)
on June 10, 2002


Before: SLOVITER, ROTH
and MCKEE, Circuit Judges


(Opinion filed  July 19, 2002)




O P I N I O N


ROTH, Circuit Judge

     Wade Hampton appeals his sentence for two separate armed bank robberies.
Counsel for Hampton submitted an Anders brief concluding that there were no
nonfrivolous issues for appeal in this matter.  Anders v. California, 386 U.S. 738 (1967).
Counsel moved to withdraw and we will grant the motion.  Hampton has also filed a pro
se brief, challenging the five-level increase in his sentence pursuant to U.S.S.G.
2B3.1(b)(2)(C) and alleging ineffective assistance of counsel.

     The first robbery, for which Hampton was convicted, occurred on December 30,
1998, and the second robbery occurred on May 13, 1999.  In the District Court, the two
robberies were included in one indictment charging Hampton with one count of
conspiracy to commit armed bank robbery, two counts of armed bank robbery, and one
count of using, carrying, and brandishing a firearm during and in relation to a crime of

violence.  Hampton pled guilty to all counts.  The District Court accepted Hampton's plea and sentenced him to 192 months of confinement.  Both the plea and the sentence had been negotiated with the government.

Hampton claims on appeal that the District Court engaged in "double counting" when it charged Hampton with one bank robbery under 18 U.S.C.  924(c) and then imposed a five-level increase pursuant to U.S.S.G.  2B3.1(b)(2)(C) in connection with the other bank robbery.  A District Court's application of Sentencing Guidelines is subject to plenary review.  United States v. Mobley, 956 F.2d 450, 451 (3d Cir. 1989).

Hampton argues that where a  924(c) offense has been charged, the application of specific offense characteristics, such as possession, brandishing, use or discharge of an explosive or firearm, is prohibited.  Accordingly, Hampton asserts that the five-level increase of his sentence under  2B3.1(b)(2)(C) is prohibited because he was charged under  924(c).  Hampton accuses the District Court of "double-counting" his sentence in violation of Application Note 2 of U.S.S.G.  2K2.4.

Hampton's claim lacks merit.  While correctly citing to Application Note 2, Hampton failed to review Application Note 2 in its entirety.  The Note specifically provides that "if a defendant is convicted on two armed bank robberies, but is convicted under 18 U.S.C.  924(c) in connection with one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C.  924(c) conviction."  These are precisely the circumstances in this case.  Hampton was charged under  924(c) for only the May 13, 1999, robbery.  Therefore,  2B3.1(b)(2)(C) is applicable to the sentence imposed for the December 30, 1998, robbery.  The District Court did not "double-count" Hampton's sentence.

Next, Hampton alleges that his counsel was ineffective.  However, we decline to entertain ineffective assistance claims on direct appeal, preferring to develop a fuller factual record through 28 U.S.C.  2255 proceedings.  United States v. Gambino, 942 F.2d 938, 950 (3d Cir.).  Hampton presents no reason to depart from such procedure.

We will, therefore, affirm the judgment of sentence of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/s/ Jane R. Roth
Circuit Judge